IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALICE KELLER, | ) | CASE NO. 5:07 CV 1248 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

**Introduction**

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Alice Keller, for disability insurance benefits.  The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Keller had severe impairments consisting of degenerative disc disease of the lumbar spine with central stenosis, spondylosis, and spondylolisthesis; obstructive sleep apnea; asthma and chronic obstructive pulmonary disease; and obesity.[1] The ALJ determined that Keller had the following residual functional capacity:

> After careful consideration of the entire record, the claimant has the residual functional capacity to perform light work with restrictions.  Specifically, she can lift up to 20 pounds occasionally and 10 pounds frequently; she can sit for six hours of an eight-hour day; and stand or walk for six hours of an eight-hour day.  She is able to stoop and crawl only occasionally.  She should avoid

---

[1] Transcript ("Tr.") at 16.

exposure to temperature extremes, high humidity, and high concentrations of dust, fumes, or gases.[2]

Keller's past relevant work as a bank collections clerk as performed required a residual functional capacity of less than sedentary;[3] since the residual functional capacity finding exceeded the residual functional capacity necessary to perform Keller's past relevant work, the ALJ found her not disabled.[4]

Keller asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.  Specifically, Keller presents four issues for decision in this case:

- Whether the ALJ erred in not finding Keller's depression to be a severe impairment;

- Whether the ALJ erred in failing to properly articulate reasons for discounting Keller's credibility;

- Whether substantial evidence supports the ALJ's finding that Keller was capable of performing her past relevant work; and

- Whether the ALJ failed to articulate with respect to the weight given to the opinions of Keller's treating source.

I conclude that substantial evidence supports the ALJ's finding that Keller was not disabled, and, therefore, the Commissioner's decision to deny disability insurance benefits should be affirmed.

---

[2] *Id.* at 17.

[3] *Id.* at 19.

[4] *Id.*

## Analysis

### 1.      Standard of review

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable

to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[5]

I will review the findings of the ALJ at issue here consistent with that deferential

standard.

### 2.      Substantial evidence supports the ALJ's findings that Keller had the residual functional capacity to perform her past relevant work and, therefore, she was not disabled.

This case turns on whether the ALJ properly considered the side effects of Keller's

pain medication in determining whether she had the residual functional capacity to do her

past relevant work.

---

[5] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

The ALJ found that Keller had the residual functional capacity for light work with additional limitations but that her past relevant work as a collections clerk at a bank as performed required a residual functional capacity of less than sedentary.  The ALJ, therefore, found Keller not disabled.

I find no error with the finding that the past relevant work as performed required a less than sedentary residual functional capacity and with the finding that exertionally Keller had the residual functional capacity to perform her past relevant work.  The issue for decision, however, is whether Keller had sustainability for full-time work even at this diminished residual functional capacity level because of the side effects of pain medications that she was taking.

Over the course of three pages in the transcript, Keller testified that she was prescribed Morphine and Methodone and that these drugs left her constantly tired, sleepy, and groggy.[6]  Keller also made complaints about side effects of medication in documents filed in support of her application.[7]  Nevertheless, the ALJ observed:  "[t]here is no evidence that Ms. Keller's use of prescribed medication is accompanied by side effects that would interfere with her significantly to perform work within the restrictions outlined in this decision."[8]

---

[6] Tr. at 416-18.

[7] *E.g.*, *id.* at 81, 91.

[8] *Id.* at 18.

The Commissioner takes the position that Keller's testimony alone is not sufficient to satisfy the burden of proof at step four that the side effects of the medication affected her sustainability. The Commissioner maintains that Keller must have either reported side effects to her physician, which were noted in the records, or presented other medical testimony that the side effects of the medication made her incapable of working an eight-hour day.

Keller counters that, despite her acknowledged burden of proof at step four, the evidence in the administrative record is sufficient to deprive the Commissioner of substantial evidence on the sustainability question. Alternatively, Keller argues that the ALJ should have developed additional evidence in light of her testimony of side effects.

In an effort to resolve this issue, I ordered the parties to file supplemental briefs with charts of the evidence in the administrative record on side effects. The parties have filed these supplemental briefs.[9] I have carefully reviewed the administrative record references brought to my attention in these supplements. Based on that review, I must conclude that the administrative record contains no evidence that Keller ever complained about the side effects of her medication to any of her physicians.

This does not necessarily resolve this issue. Although counsel have cited me to no authority, my survey of precedents discloses that the weight of authority supports the Commissioner's position that the absence of any evidence in the administrative record of complaints by a claimant to her physicians regarding side effects of prescribed medications

---

[9] ECF # 21 (Keller's supplement); ECF # 22 (the Commissioner's supplement).

supports an ALJ's finding that such side effects were not disabling despite the claimant's testimony to the contrary.

In *Rybka v. Commissioner of Social Security*,[10] the district court upheld an ALJ's decision to deny benefits based on a record in which the claimant testified about side effects of medication but which contained no evidence of the claimant's complaints to her physicians about such side effects.

> Plaintiff testified that the medication she took made her drowsy and her "mind would wander" about an hour after taking Darvocet.  While ALJ Haubner would have been prudent to discuss Plaintiff's medication and made findings on their side effects, his failure to do so does not warrant judicial intervention in a case such as this where there is no evidence in medical records that Plaintiff complained to any of her treaters about the side effects of any medication during the relevant time period.[11]

Likewise, in *Rasmussen v. Astrue*,[12] the Seventh Circuit declined to find error where the claimant testified to side effects but the record contained no other evidence thereof.

> But Rasmussen has presented no evidence of her medication's side effects beyond her own testimony, nor do the medical records support her claim that the drowsiness caused by her medication is so disabling that she cannot work. Although the ALJ could have addressed Rasmussen's drowsiness more

---

[10] *Rybka v. Comm'r of Soc. Sec.*, No. 07-11132, 2008 WL 820147 (E.D. Mich., Mar. 25, 2008).

[11] *Id.*, at *15.  *But see*, *Cole v. Comm'r of Soc. Sec.*, 07-14364, 2008 WL 4225775, at *10 (E.D. Mich., Sept. 9, 2008).  In this case, the court found error in the ALJ failing to take side effects of medication into account where the claimant testified at length regarding those side effects.  There is no discussion in this decision about whether or not the record contained any evidence of complaints of side effects to the claimant's physicians.  This is a fibromyalgia case in which the court discussed side effects of medication as part of the larger question of whether the claimant's fibromyalgia impairment was so severe as to be disabling.

[12] *Rasmussen v. Astrue*, 254 F. App'x 542 (7th Cir. 2007).

-6-

comprehensively, we concur with the district court's conclusion that the failure to do so is harmless.[13]

Although this is a close question, I must conclude that in light of Keller's burden of proof in this case and the absence of evidence in the record of complaints by Keller to her physicians regarding side effects, substantial evidence supports the ALJ's decision that any side effects from medication did not render her disabled.

Moving to the specific issues raised by Keller, she first complains that the ALJ erred in not finding depression a severe impairment at step two of the sequential evaluation process. Although such is the case, she did testify at the hearing that her depression did not affect her social functioning, her memory, or her ability to concentrate.[14] As such, under the Sixth Circuit's decision in *Maziarz v. Secretary of Health and Human Services*,[15] the failure to recognize depression as a severe impairment is of no consequence where, as here, the ALJ moves on to complete the sequential evaluation analysis at steps four or five and the record supports no additional limitations based on the alleged overlooked impairment.

Second, Keller challenges the ALJ's articulation as to her credibility. The ALJ's findings as to credibility are entitled to deference because he has the opportunity to observe

---

[13] *Id.* at 547. Also, *Turner v. Comm'r of Soc. Sec.*, 182 F. App'x 946, 949 (11th Cir. 2006) ("Similarly, the ALJ did not err in discrediting Turner's testimony regarding side-effects from her medications because the record includes no evidence that Turner consistently complained to her doctors of any side-effects."); *Ledoux v. Astrue*, No. 07-1249, 2008 WL 4280033, at *4 (W.D. La., Aug. 26, 2008).

[14] Tr. at 428.

[15] *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).

the claimant and assess her subjective complaints.[16]  A court may not disturb the ALJ's credibility determination absent compelling reason.[17]  An ALJ in a unified statement should express whether he or she accepts the claimant's allegations as credible and, if not, explain his finding in an articulation that is not conclusory and that is specific enough to permit the Court to trace the path of the ALJ's reasoning.[18]

In this case, the ALJ provided a five-paragraph articulation as to credibility,[19] which satisfies the requirement of a unified statement explaining his finding that her complaints concerning her limitations "are not entirely credible."[20]  Having resolved the issue as to side effects in favor of the Commissioner, I conclude that there is no compelling reason to disturb the ALJ's credibility finding.

Third, Keller challenges the step four finding under the substantial evidence standard. Again, having resolved the side effects issue in favor of the Commissioner, I conclude that substantial evidence supports the finding that she is capable of performing her past relevant work at the less than sedentary level.  Her primary argument here is that her back problem prevents her from sitting for the period of time necessary to perform the collections clerk job. She told the consulting examining physician, Dr. Anaya, that she had no restrictions on

---

[16] *Buxton*, 246 F.3d at 773.

[17] *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

[18] *Blom v. Barnhart*, 363 F. Supp. 2d 1041, 1054 (E.D. Wisc. 2005).

[19] Tr. at 18-19.

[20] *Id.* at 17.

sitting.[21]  At the time she weighed 375 pounds.[22]  Although she testified at the hearing that she had difficulty sitting,[23] at the time she weighed 282 pounds and had lost 100 pounds since Dr. Anaya's evaluation.[24]  If anything, her ability to sit for the time required to do her past relevant work should have improved.

Fourth and finally, Keller argues that the ALJ mishandled the evaluation of the opinions of her treating sources.  However, none of her treating sources give opinions with respect to her work-related limitations.  The ALJ, therefore, had no duty to discuss weight with respect to these non-existent opinions.[25]

### Conclusion

Substantial evidence supports the finding of the Commissioner that Keller had no disability.  Accordingly, the decision of the Commissioner denying Keller disability insurance benefits is affirmed.

IT IS SO ORDERED.

Dated:  September 30, 2008                    s/ William H. Baughman, Jr.
                                              United States Magistrate Judge

---

[21] *Id.* at 181.

[22] *Id.* at 182.

[23] *Id.* at 429.

[24] *Id.* at 410.

[25] *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 991 (N.D. Ohio 2003), citing *Greene-Younger v. Barnhart*, 335 F.3d 99, 106-07 (2d Cir. 2003).